# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *   *
MARGARET McSORLEY,                        *
                                          *    No. 14-919V
                   Petitioner,            *    Special Master Christian J. Moran
                                          *
v.                                        *    Filed: August 16, 2018
                                          *
SECRETARY OF HEALTH                       *    Attorneys' Fees
AND HUMAN SERVICES,                       *
                                          *
                   Respondent.            *
* * * * * * * * * * * * * * * * * * * *   *
```

Ronald C. Homer and Christina Ciampolillo, Conway, Homer, P.C., Boston, MA, for petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On April 12, 2017, petitioner Margaret McSorley moved for final attorneys' fees and costs. **She is awarded $98,077.15.**

On September 29, 2014, Ms. McSorley filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34, alleging the influenza ("flu") vaccine caused her to develop systemic lupus erythematosus. The undersigned issued a decision awarding compensation to Ms. McSorley based on the parties' stipulation. Decision, issued Apr. 2, 2018, 2018 WL 2772231.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Ms. McSorley then filed the instant motion for attorneys' fees and costs requesting $75,653.13 in fees, in $24,391.55 attorneys' costs, and $42.47 in costs personally incurred. The total amount requested was $100,087.15. The Secretary filed a response to Ms. McSorley's motion. The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed May 22, 2018, at 2. With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

Because Ms. McSorley received compensation, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The unresolved question is the reasonable amount of attorneys' fees and costs.

## I.   Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, the court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. In this case, the lodestar calculation produces a reasonable attorneys' fee. Therefore, an adjustment is not required and the analysis focuses on the two components of the lodestar formula: a reasonable hourly rate and a reasonable number of hours.

### A. Reasonable Hourly Rate

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). The hourly rates proposed for the attorneys, paralegals, and other support staff are reasonable. See McCulloch v. Sec'y of Health & Human Servs., 2015 WL 5634323, at *21 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

2

### B. Reasonable Number of Hours

The Secretary also did not directly challenge any of the requested hours as unreasonable.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

The primary attorney in this case is Christina Ciampolillo, although Joseph Pepper took the lead role when Ms. Ciampolillo was on extended leave.  Regardless, other attorneys, such as Ronald Homer, Lauren Faga, and Meredith Daniels duplicated work that the lead attorney was capable of performing by herself or himself.

Additionally, as in Floyd v. Sec'y of Health & Human Servs., No. 13–556V, 2017 WL 1344623, at *4  (Fed. Cl. Spec. Mstr. Mar. 2, 2017), paralegals performed tasks that were clerical / secretarial in nature.

Addressing these issues requires a deduction of approximately $2,000.  Consequently, Ms. McSorley is awarded $73,653.13 in attorneys' fees.

## II.   Costs

In addition to seeking attorneys' fees, Ms. McSorley seeks an award of costs totaling $24,434.02, which includes $42.47 in costs Ms. McSorley personally incurred.  Ms. McSorley's personally incurred costs are awarded in full.

The remaining costs concern relatively routine items and expenses related to two experts.  Costs for medical records retrieval, mailings, and photocopies are reasonable, documented, and awarded in full.  However, Ms. McSorley has billed $10.00 for the cost of CDs.  An attorney's hourly rate is designed to produce income to pay for general overhead expenses.  See Whitener v. Sec'y of Health & Human Servs., No. 06–477V, 2011 W L 1467919, at *8 (Fed. Cl. Spec. Mstr. Mar. 25, 2011); Lamar v. Sec'y of Health & Human Servs., No. 99–584V, 2008 WL 3845157, at *15 (both noting that overhead costs are not compensable).  Therefore, these costs are deducted.

The bulk of the costs come from work performed by two experts, Samar Gupta and David Chesner.  Ms. McSorley retained Dr. Gupta for the purpose of

preparing reports based upon his review of her medical records.  Dr. Gupta has
charged $17,500 for his work.  This amount is reasonable.[2]

Dr. Chesner treated Ms. McSorley.  Because the records he created were
confusing for outsiders to understand, Ms. McSorley was directed to seek
additional information from him.  Ms. Ciampolillo assisted in drafting a statement
from him and, later, prepared him to testify at a fact hearing.  Dr. Chesner's
testimony clarified his medical records and spurred the parties to resolve this case.
He has requested $2,850 for his work and this charge is reasonable.

Consequently, Ms. McSorley is awarded $24,424.02 in costs.

## III.   Conclusion

The undersigned finds an award of attorneys' fees and costs appropriate.
The undersigned awards Ms. McSorley the following amount for attorneys' fees
and costs:

   a. **A lump sum of $98,034.68 in the form of a check made payable
      to petitioner and petitioner's attorney, Ronald C. Homer, of
      Conway, Homer, P.C.; and**

   b. **A lump sum of $42.47 in the form of a check made payable to
      petitioner, Margaret McSorley.**

This amount represents reimbursement for attorneys' fees and other
litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a
motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall
enter judgment in accordance herewith.[3]

---

[2] Although Dr. Gupta's invoice is accepted in this case, the attorneys are encouraged to
direct Dr. Gupta to add specificity to his invoice.  For example, Dr. Gupta, helpfully and
appropriately, identified the medical records that he reviewed by noting "exhibits 1-14."  But, he
described the medical articles without much detail saying he had reviewed "additional
literature."  Listing the name of the author of the article would seem to add a minimal burden and
yet communicate more clearly Dr. Gupta's activity.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint
filing of notice renouncing the right to seek review.

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master
